UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASTILLO AT TIBURON
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.      Case No.: 2:20-cv-468-FtM-38MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon *sua sponte* review of Plaintiff Castillo at Tiburon Condominium Association, Inc.'s ("Castillo") Complaint. (Doc. 1). Castillo sues Defendant Empire Indemnity Insurance Company for breach of an insurance contract, citing diversity jurisdiction. For the reasons below, Castillo has failed to provide the Court with sufficient information to establish diversity jurisdiction.

Because federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and there is complete diversity of citizenship among the parties.  See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Castillo's citizenship is problematic here.

A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  See *Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010); *see also* 28 U.S.C. § 1332(c)(1).  "Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business." *Asphalt Paving Sys., Inc. v. S. States Pavement Markings, Inc.*, No. 3:18-CV-255-J-34JBT, 2018 WL 3067906, at *1 (M.D. Fla. Feb. 20, 2018) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1)).

Plaintiff alleges it "is and was a citizen of Florida where it is incorporated." (*Id.* at ¶ 3).  Because the Complaint does not identify Castillo's principal place of business, it has not shown complete diversity of the parties.  Thus, lacking subject matter jurisdiction, the Complaint is due to be dismissed.  Plaintiff can amend its pleading.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Castillo at Tiburon Condominium Association, Inc.'s Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiff may file an amended complaint **on or before September 16, 2020**.  **Failure to do so will result in the Court closing this case.**

2. Defendant Empire Indemnity Insurance Company's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 10) is **DENIED without prejudice as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record