UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASTILLO AT TIBURON
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                                       Case No.:  2:20-cv-468-FtM-38MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Dismiss Amended Complaint (Doc. 23) and Plaintiff Castillo at Tiburon Condominium Association, Inc.'s response in opposition (Doc. 25). For the below reasons, the Court denies Defendant's motion.

This insurance dispute stems from Hurricane Irma and damage caused to Plaintiff's thirty-four condominiums. Defendant insured Plaintiff's property when the hurricane hit but has only paid a fraction of the alleged damages. Because the parties disagreed on the loss—a multi-million-dollar

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

disagreement—Plaintiff requested an appraisal for the amount of loss per their insurance contract. Because that request failed, Plaintiff sues Defendant for breach of contract, alleging Defendant has not indemnified it for its losses, and refused to proceed with the appraisal. (Doc. 16 at ¶ 22). Plaintiff also separately moves to compel appraisal and stay the proceedings. (Doc. 20). For its part, Defendant moves to dismiss the Amended Complaint for not stating a viable cause of action.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). When deciding a motion to dismiss, courts accept all factual allegations as true and view them favorably for the plaintiffs. *Ashcroft,* 556 U.S. at 679.

Defendant challenges the Amended Complaint on grounds that the breach of contract claim is no more than in an "improper petition for injunctive relief in disguise." (Doc. 23 at 1). Defendant reads the Amended Complaint to

2

seek mandatory injunctive relief (i.e., appraisal) but pleads no facts to support such relief. Plaintiff opposes dismissal, asserting that Defendant cannot put a different label on its properly pled breach of contract claim and then argue that it has failed to meet the pleading requirements for a claim it does not assert. (Doc. 25). The Court agrees with Plaintiff.

To start, the Amended Complaint states a plausible breach of contract claim. The elements for breach of contract are (1) a valid contract, (2) a material breach, and (3) damages. *See J.J. Gumberg Co. v. Janis Servs., 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)*. All three elements are pled with sufficient factual allegations. The Amended Complaint alleges (and attaches) a valid insurance contract under which Defendant has paid Plaintiff some damages. (Doc. 16 at ¶¶ 11, 16, 19). The material breach alleged is twofold. (Doc. 16 at ¶¶ 13-14). First, that Defendant has paid less than $2 million of the $22 million in claimed damages. Second, Defendant is insisting on unilaterally appointing the umpire for appraisal in contravention of the insurance policy. Finally, because either is a material breach, Plaintiff says it has had to sue. (Doc. 16 at ¶¶ 23-24).

At this early stage of litigation, the Court must accept the Amended Complaint as pled. And Plaintiff has picked a breach of contract theory and supported it with enough facts to plausibly state a claim. Defendant's attempt to repackage Plaintiff's claim as something the Amended Complaint does not

allege is a nonstarter and nonsensical. So too is Defendant's reliance on *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-136-FtM-60MRM, 2020 WL 1904011 (M.D. Fla. Apr. 17, 2020). There, the plaintiff brought a one-count action styled "Petition to Compel Appraisal" that the court dismissed because it did not expressly assert any cause of action. That isn't the case here. Plaintiff specifically alleges a breach of contract claim and, as explained above, plausibly states that claim. The Court thus denies Defendant's motion.

Accordingly, it is now

**ORDERED:**

(1) Defendant Empire Indemnity Insurance Company's Motion to Dismiss Amended Complaint (Doc. 23) is **DENIED**.

(2) Defendant is **DIRECTED** to answer the Amended Complaint on or before **January 5, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4