UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASTILLO AT TIBURON
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                                                      Case No.:   2:20-cv-468-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are:  (1) Defendant's Notice of Filing of Proposed Umpires, (Doc. 54); (2) Plaintiff's Notice of Providing Proposed Umpires, (Doc. 55); and (3) Plaintiff's Motion to Strike Defendant's Proposed Umpires, (Doc. 56). Additionally, Defendant filed a Response in Opposition to Plaintiff's Motion to Strike Defendant's Proposed Umpires.  (Doc. 58).  The Undersigned construes the parties' competing notices, (Docs. 54, 55), as a joint motion for the Court to select an umpire to participate in the parties' appraisal process.  For the reasons set forth herein, the Undersigned recommends that the construed joint motion for the Court to select an umpire, (Docs. 54, 55), be **GRANTED**, Plaintiff's Motion to Strike Defendant's Proposed Umpires, (Doc. 56), be **DENIED**, and Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Proposed Umpires, (Doc. 58), be **DENIED** to the extent that it requests sanctions.

I.  **BACKGROUND**

On September 28, 2021, the Court granted Plaintiff's Amended Motion to Compel Appraisal and Stay proceedings and ordered the parties to notify the Court of their selected appraisers and umpire. (*See* Doc. 48 at 16). Thereafter, the parties filed a Joint Notice of Selection of Appraisers, (Doc. 49), and Joint Motion for Extension of Time Regarding the Selection of an Umpire, (Doc. 50), in which the parties stated that they had each selected an appropriate appraiser, but that they needed additional time for their appraisers to select an umpire. On October 26, 2021, after the Court granted the parties' request for an extension of time to file a notice of selection of umpire, the parties filed a notice and motion (1) asserting that their appraisers could not agree on an umpire and (2) requesting that the Court appoint an umpire pursuant to the appraisal provision in their policy. (*See* Docs. 52, 20-1 at 37, 44).

In accordance with the Court's Order, (Doc. 51), the parties each submitted the names and curricula vitae of their proposed umpires, (Docs. 54, 55).

II.  **LEGAL STANDARDS**

"Unlike arbitration procedures, appraisals are less formal proceedings, where the umpire independently attempts to resolve any differences in the appraisals offered by both sides." *Preferred Nat'l Ins. Co. v. Miami Springs Golf Villas, Inc.*, 789 So. 2d

2

1156, 1157 (Fla. 3d DCA 2001).[1]  When appointing an umpire, a court may appoint someone with the appropriate expertise.  *Liberty Mut. Fire Ins. Co. v. Hernandez*, 735 So. 2d 587, 589 (Fla. 3d DCA 1999).  For example, a court may appoint a contractor, retired judge, or an attorney who has the appropriate expertise.  *Id.*

## III. ANALYSIS

Upon a review of the parties' proposed umpires, considering their curricula vitae and the nature of the property and loss at issue, the Undersigned finds that Daniel J. Luby, AIC is qualified to serve as an umpire for the parties' appraisal process.  As represented in his curriculum vitae, Mr. Luby has over thirty years of experience in the building industry and completed a Bachelor of Science in Building Construction and Contracting in 1979, and a Master of Building Construction in 1984.  (Docs. 54 at 2, 54-2).  Mr. Luby was a certified umpire in the Insurance Appraisal and Umpire Association from 2012 through 2018 and became a certified umpire through the Windstorm Insurance Network ("WIND") in 2005.  (*Id.*).  Additionally, Mr. Luby's curriculum vitae represents that, through his work with Precision Advisors, LLC, he is experienced with: "restoration cost estimating; . . . the property insurance appraisal process, an alternative dispute resolution . . . method for disputed property insurance claims[; and] Xactimate and RS Means construction cost estimating systems."  (Doc. 54-2 at 1).  In light of Mr. Luby's

---

[1] In diversity cases, Florida substantive law applies.  *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-cv-103-FtM-99MRM, 2018 WL 3526672, *3 n.2 (M.D. Fla. July 23, 2018).

experience, the Undersigned finds that he is highly qualified to act as an umpire in this case.

Regarding Plaintiff's objection to Mr. Luby's suitability to act as an umpire for this dispute, the Undersigned is not persuaded.

Plaintiff first contends that in a prior case in which Mr. Luby acted as an umpire, "[he] showed a lack of impartiality against the policyholder by refusing to consider all of the policyholder's evidence of damages." (Doc. 56 at 15). Similarly, Plaintiff alleges that "Mr. Luby is so aligned with the insurance industry that it will be impossible for him to be impartial." (*Id.*). Second, Plaintiff states that it "believe[s] Mr. Luby has significant health issues that would prevent him from personally and fully evaluating and accessing all of the Plaintiff's damages." (*Id.*).

The Undersigned finds that Plaintiff does not present any compelling evidence to suggest that Mr. Luby is unqualified to act as an umpire in this suit. As for Mr. Luby's alleged lack of impartiality, Plaintiff provides no support for its broad allegation. Without any evidence beyond an unsupported allegation, the Undersigned is not persuaded that Mr. Luby would lack impartiality. Additionally, this Court has previously found Mr. Luby qualified to act as an umpire in a similar case involving damage to a condominium complex caused by Hurricane Irma. *See Diamond Lake Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-547-FtM-38NPM, 2020 WL 6585597, at *1 (M.D. Fla. Nov. 10, 2020). Moreover, despite the similarity of the issues in that case to the instant suit, nothing on the record indicates that Mr. Luby's "health" prevented him from fulfilling his duties. *See Diamond Lake*

4

*Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-547-FtM-38NPM, Doc. 87 at 1 (M.D. Fla. Aug. 2, 2021).  Thus, the Undersigned is not persuaded by Plaintiff's broad, unsupported allegations regarding Mr. Luby's ability to act as an umpire in this case.  Accordingly, the Undersigned finds that Plaintiff's motion to strike Mr. Luby as a proposed umpire is due to be denied.

To the extent Plaintiff argues Art Newman should be stricken as a proposed umpire, the Undersigned finds that Plaintiff's motion should be denied as moot in light of the Undersigned's finding that Daniel Luby should be selected as the umpire.

Finally, as to Defendant's request that the Court "enter sanctions against [Plaintiff] and/or its counsel for filing such a baseless motion," (Doc. 58 at 11), the Undersigned is not persuaded.  Defendant asserts that, had Plaintiff "remotely suggest[ed] that it did not discover the prior working relationship between the Zurich entities and the Belfor USA entities until after [Defendant] proposed Mr. Newman as an umpire candidate . . . [it would have been a] patent[ violation of] Rule 11."  (Doc. 58 at 6).[2]  Defendant also states that because Plaintiff impliedly suggested that it was not aware that Mr. Newman was employed by Belfor USA, Plaintiff's motion was a "complete falsehood and fraud upon the Court."  (*Id.*).  Beyond these assertions, Defendant does not identify any other allegedly sanctionable conduct.  (*See* Doc. 58).

---

[2]  Defendant is owned by various Zurich Insurance entities.  (Doc. 9).  Defendant's first proposed umpire, Art Newman, is Belfor USA's Vice President of sales and consulting.  (Doc. 54-1).

Rule 11 requires a district court to impose sanctions after notice and a reasonable opportunity to respond, where an attorney submits a filing that: "(1) is not well-grounded in fact, *i.e.*, has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose." *Riccard v. Prudential Ins. Co*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)). To determine whether conduct is sanctionable under Rule 11, "a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the [filing] was submitted." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, No. 8:03-cv-2671-T-30MAP, 2006 WL 4792784, at *2 (M.D. Fla. Sept. 14, 2006) (citing *Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998)).  To make this determination, "a two step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.*  Notably, "[s]anctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard*, 307 F.3d at 1294 (citing *Baker*, 158 F.3d at 524).

The Undersigned finds that Defendant's request is insufficient under Rule 11. To begin, Rule 11 states that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).  Defendant's response to Plaintiff's motion does not meet this standard.  Moreover, Defendant contends that in Plaintiff's motion,

6

Plaintiff both: (1) did not "suggest" that it discovered the prior working relationship between the Zurich entities and the Belfor USA entities; and (2) did "suggest" that it was not aware that Defendant had previously retained Belfor USA. (*See* Doc. 58 at 6). The Undersigned finds that Defendant cannot rely on these conflicting statements as a basis to assert that Rule 11 sanctions are appropriate. Additionally, beyond vaguely referring to Rule 11, Defendant does not identify any other standard or basis that would justify sanctions. (*See* Doc. 58). Thus, the Undersigned finds that Defendant's request for sanctions is due to be denied.

## IV.   CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendant's Notice of Filing of Proposed Umpires, (Doc. 54) and Plaintiff's Notice of Providing Proposed Umpires, (Doc. 55), which the Undersigned construes as a joint motion for the Court to select an umpire, be **GRANTED** and the Court **APPOINT** Daniel J. Luby to act as an appraisal umpire for this case.

2. Plaintiff's Motion to Strike Defendant's Proposed Umpires, (Doc. 56), be **DENIED** to the extent that it seeks to strike Daniel J. Luby as an umpire candidate and **DENIED as moot** to the extent that it seeks any additional relief.

3.  Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Proposed Umpires, (Doc. 58), be **DENIED** to the extent that Defendant requests sanctions.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on November 17, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties