UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASTILLO AT TIBURON
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                   Case No.:  2:20-cv-468-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation. (Doc. 59). Judge McCoy recommends these actions: (1) granting each party's construed motion to select an umpire for appraisal (Doc. 54; Doc. 55); (2) appointing Daniel J. Luby as an appraisal umpire; (3) denying Plaintiff Castillo at Tiburon Condominium Association, Inc.'s Motion to Strike Defendant's Proposed Umpires (Doc. 56); and (4) denying Defendant Empire Indemnity Insurance Company's request for

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

sanctions (Doc. 58). Plaintiff objects to Judge McCoy recommending Luby's appointment (Doc. 60), to which Defendant has responded (Doc. 61). There are no other objections, and the time to do so has expired.

After reviewing a report and recommendation, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *cf. Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016) ("[W]hen a party fails to object to a magistrate judge's report, we review only for plain error and only if necessary in the interests of justice." (citation omitted)).

After a careful and independent review of the parties' papers, record, and applicable law, the Court overrules Plaintiff's objections and adopts the Report and Recommendation in full. Plaintiff dedicated one (short) paragraph in its sixteen-page motion to strike Defendant's proposed umpires to argue why Luby is an inappropriate umpire candidate. (Doc. 56 at 15). All Plaintiff said is that Luby showed bias as an umpire in some other unknown case, he is too aligned with the insurance industry to be impartial, and he has unidentified health issues that make him unfit for the job. Plaintiff made these empty statements with no details for context, let alone compelling and supporting evidence. A

point not lost on Judge McCoy. (Doc. 59 at 4). Indeed, Judge McCoy reviewed the record before him to reasonably find Luby as a suitable umpire. In doing so, he examined Luby's decades of experience in the building industry, advanced degrees in construction, and professional certifications as an umpire. He also noted how Luby was appointed as an umpire in another federal case before this Court. All this information outweighed Plaintiff's passing challenge to Luby.

Yet Plaintiff remains undeterred. He now faults Judge McCoy for not inquiring about Luby's so-called impartiality. But the finger pointing should stop and stop with Plaintiff. That's because Plaintiff offered nothing beyond speculation for Judge McCoy to think any further inquiry into Luby (assuming one is even required) was needed. Plaintiff's barebones allegations against Luby were simply deficient to trigger anything more from the Court. So Plaintiff's objection to the Report and Recommendation is overruled. At bottom, the Court agrees with the well-reasoned Report and Recommendation.

Accordingly, it is now

**ORDERED:**

The Report and Recommendation (Doc. 59) is **ACCEPTED and ADOPTED** and the findings incorporated here.

1. Defendant's Notice of Filing of Proposed Umpires, (Doc. 54) and Plaintiff's Notice of Providing Proposed Umpires, (Doc. 55), which the Court construes as a joint motion to select an umpire, is **GRANTED.**

2. The Court **APPOINTS** Daniel J. Luby as an appraisal umpire.

3. Plaintiff's Motion to Strike Defendant's Proposed Umpires (Doc. 56) is **DENIED** to the extent that it seeks to strike Daniel J. Luby as an umpire candidate and **DENIED** as moot to the extent that it seeks any other relief.

4. Defendant's Response in Opposition to Plaintiff's Motion to Strike Defendant's Proposed Umpires (Doc. 58) is **DENIED** to the extent that Defendant requests sanctions.

**DONE** and **ORDERED** in Fort Myers, Florida on December 16, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4